# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Harold Ziler and Waneta Ziler,**
**Plaintiffs Below, Petitioners**

**vs) No. 16-0269** (Roane County 15-C-24)

**Contractor Services, Inc. of West Virginia (Conserv)**
**(formerly d/b/a as CSI Gas Company),**
**Defendant Below, Respondents**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Harold Ziler and Waneta Ziler, by counsel Clinton W. Smith, appeal the Circuit Court of Roane County's February 1, 2016, order granting respondent's motion for summary judgment. Respondent, Contractor Services, Inc. of West Virginia, by counsel Christopher A. Brumley and Philip A. Reale, II, filed its response in support of the circuit court's order to which petitioners submitted a reply. On appeal, petitioners argue that the circuit court erred in granting respondent's motion and determining that the facts of the case do not amount to a continuing tort.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Between May of 2007 and June of 2007, respondent was contracted to perform certain oil and gas well work on a property adjacent to petitioners' property. To access the well location, respondent utilized a road that petitioners also used to access their property. In July of 2007, respondent completed the well work on the adjacent property. In 2012, a land slip occurred near the well location where respondent performed work in 2007.

In July of 2012, petitioners contacted the Office of the Governor of West Virginia to register a complaint against respondent. Petitioners alleged that respondent "buried vehicles and timber in the ground" and "negligently performed its drilling and caused a slip which denied [petitioners] access to the easement of their property." As a result, the Governor's Office forwarded the complaint, via email, to the West Virginia Department of Environmental Protection ("WVDEP").[1]

---

[1]The record before this Court is devoid of any information regarding what, if anything, happened after the Governor's Office sent an email to the WVDEP.

1

In May of 2015, petitioners filed a complaint, and a subsequent amended complaint, against respondent in the Circuit Court of Roane County, alleging that it caused damage to their property and prevented access to an easement petitioners used to enter their property. Petitioners specifically alleged that respondent buried vehicles and timber in the ground and negligently performed its drilling, causing a land slip which denied petitioners access to the easement of their property.

In August of 2015, respondent filed a motion to dismiss, or alternatively for summary judgement, contending that petitioners' complaint was not timely filed pursuant to West Virginia Code § 55-2-12, which provides that "[e]very personal action for which no limitation is otherwise prescribed shall be brought [w]ithin two years next after the right to bring the same shall have accrued, if it be for damage to property." Respondent contended that, in 2012 there was evidence that petitioners knew of and complained about the alleged facts giving rise to their complaint. Petitioners countered that they suffered "continuing injuries" as a result of the land slip, which served to toll the statute of limitations. At a September of 2015 hearing, the circuit court denied respondent's motion to dismiss and, alternatively, ruled that respondent's motion for summary judgement would be taken under advisement and ordered the parties to conduct discovery.

In December of 2015, respondent filed a renewed motion for summary judgment. In support of its motion, respondent provided evidence that, in July of 2012, petitioners called the Office of the Governor and filed a complaint against respondent alleging the same facts that they would later allege in their complaint before the circuit court.

In February of 2016, the circuit court held a hearing on respondent's renewed motion for summary judgment. At the hearing, petitioners admitted that they contacted the Office of the Governor and made a complaint against respondent. However, petitioners argued that they suffered a continuing injury because respondent left timber and vehicle parts buried in the ground on their property and failed to repair the alleged damage resulting therefrom. Based on the evidence presented, the circuit court found that petitioners knew of respondent's alleged negligent acts and resulting injury on or before July 2, 2012, more than two years prior to the filing of their complaint. The circuit court also found that petitioners' claims did not constitute a "continuing tort" because the negligence petitioners complained of was a singular act not repetitive, wrongful conduct. The circuit court further found that respondent's alleged failure to remove the vehicle parts and timber did not constitute a continuing breach of duty. By order dated February 1, 2016, the circuit court granted respondent's renewed motion for summary judgment. It is from this order that petitioners appeal.

We have previously established that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We have also held that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *Id*. at 190, 451 S.E.2d at 756, Syl. Pt. 2.

2

Petitioners first argue on appeal that a genuine issue of material fact exists as to whether the facts of this case constitute a continuing tort. Petitioners also contend that they suffered a continuing injury and that the damage done to their property continued to increase over time, thereby creating a "new wrong each day." Upon careful review of the record before us, we find no error.

We have previously concluded that "the concept of a continuing tort requires the showing of repetitious, wrongful conduct . . . [m]oreover a wrongful act with consequential damages is not a continuing tort." *Ricottilli v. Summersville Mem. Hosp.*, 188 W. Va. 674, 677, 425 S.E.2d 629, 632 (1992). Further, even "[w]here a tort involves a continuing or repeated injury, the cause of action accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious overt acts or omissions cease." Syl. Pt. 2, *Roberts v. W.Va. Am. Water*, 221 W.Va. 373, 655 S.E.2d 119 (2007).

The record on appeal does not support petitioners' contention that they suffered a continuing tort. Here petitioners' argument is premised solely on respondent's alleged single, wrongful act of burying vehicles and timber in the ground. It is clear from the record that petitioners were aware of respondent's alleged wrongful act as early as July of 2012. They contend that their property damages resulted from that one specific event. Moreover, we have held that "[w]here a plaintiff sustains a noticeable injury to property from a traumatic event, the statute of limitations begins to run and is not tolled because there may also be latent damages arising from the same traumatic event." *Id.* at 375, 655 S.E.2d at 121, Syl. Pt. 5. As such, the record on appeal clearly supports the circuit court's conclusion that petitioners' claims "amount to consequential damages arising from an alleged single, discrete act of negligence and do not constitute a continuing tort and the applicable statute of limitations is not tolled."

Petitioners also argue on appeal that the circuit court erred in determining that no continuing breach of duty existed, which would have served to toll the statute of limitations. They contend that because respondent has "never gone in and repaired [the] damage it caused by burying car parts and timber," it violated a continuing duty to petitioners and created a "new tort daily." According to petitioners, because respondent's negligence is a continuing breach of duty causing a continuing injury, the statute of limitations does not begin to run until the date of the last injury.

The record on appeal likewise does not support petitioner's contention that a continuing breach of duty existed. We have previously determined that where

> the cause of the injuries was a "discrete and completed act of negligent commission, not [ ] a continuing negligent act of omission" . . . "the statute of limitations begins to run and is not tolled because there may also be latent damages arising from the same traumatic event."

*Graham v. Beverage*, 211 W.Va. 466, 476-77, 566 S.E.2d 603, 613-14 (2002). According to the record on appeal, petitioners complained in 2012 about respondent's alleged burial of vehicles and timber on their property, which they allege occurred in 2007. As such, the cause of their injury was a discrete and completed act of negligence committed by respondent and the statute of

limitations began to run in 2012. The alleged failure to remedy or remove the vehicles and timber from petitioners' property does not constitute a continuing breach of duty and petitioners failed to pursue their rights under the applicable two-year statute of limitations since they did not file a complaint until 2015.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 10, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4